UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2025_____

BENITO MORALES,

                Plaintiff,

    -against-

DAVID EVERETT, in his capacity as statutory
licensing officer pursuant to Penal Law
265.00(10); 400.00, *et seq.*, and individually,

                Defendant.

7:24-cv-5437 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Benito Morales (the "Plaintiff"), commenced this action on July 18, 2024, asserting that Justice David Everett (the "Defendant" or "Justice Everett") had violated his constitutional rights by denying his application for a handgun license. (*See* ECF No. 1.) Plaintiff sues Justice Everett in his capacity as a licensing officer pursuant to Penal Law 265.00(10); 400.00, *et seq*. Presently before the Court is Justice Everett's Motion to Dismiss Plaintiff's Complaint under 12(b)(1) and 12(b)(6). Justice Everett asserts that Plaintiff's Complaint should be dismissed because: (1) Plaintiff's claims are barred by Eleventh Amendment sovereign immunity; (2) 42 U.S.C. § 1983 bars injunctive relief where no declaratory decree has been violated and declaratory relief is available; (3) Plaintiff lacks standing; (4) Plaintiff's claims are barred by absolute judicial immunity; and (5) Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. For the following reasons, Justice Everett's motion is GRANTED.

## BACKGROUND

Plaintiff is a former New York City police officer. On March 9, 2017, Plaintiff was charged with Driving While Intoxicated and Refusal to Take a Breathalyzer Test. On April 5, 2017, Plaintiff pled guilty to the charge of Driving While Ability Impaired by the Consumption of Alcohol. As a result, Plaintiff was subject to disciplinary action by the NYPD and then retired on October 1, 2017. Plaintiff's NYPD Retired Police Officer photo identification card was subsequently marked "NO FIREARMS." Sometime after, Plaintiff applied for a concealed carry license in Westchester County, New York. In Westchester, state court judges approve firearm licensing applications and Justice Everett was the judge assigned to review Plaintiff's application. Justice Everett functions as both a sitting state court judge and a licensing officer. Based on Plaintiff's disciplinary history with the NYPD, Justice Everett concluded that Plaintiff was not fit for a concealed carry permit and denied the application. Plaintiff then brought this suit to vindicate his Second Amendment rights.

## PROCEDURAL HISTORY

On July 18, 2024, Plaintiff filed the operative Complaint. (ECF No. 1.) On November 18, 2024, Defendant filed a motion to dismiss (ECF No. 13) along with a Memorandum of Law in Support ("MoL.") (ECF No. 14). On the same day, Plaintiff filed a Memorandum of Law in Opposition ("Opp.") (ECF No. 15) and their Reply ("Reply") (ECF No. 16).

## LEGAL STANDARDS

### A. Rule 12(b)(1) Lack of Subject Matter Jurisdiction

A Rule 12(b)(1) motion is the proper motion to bring to invoke Eleventh Amendment immunity and the *Rooker-Feldman* doctrine. *See Morabito v. N.Y.*, 803 F. App'x 463, 465 n.2 (2d Cir. 2020) (summary order). A challenge to a federal court's subject matter jurisdiction is

2

properly raised by way of a Rule 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd*., 547

F.3d 167, 170 (2d Cir. 2008). "A 'case is properly dismissed for lack of subject matter

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional

power to adjudicate it.'" *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citing

*Markarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "A plaintiff asserting subject

matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."

*Morrison*, 547 F.3d at 170. While a Court must accept all factual allegations in Plaintiff's

complaint as true, a jurisdictional showing must be made affirmatively; "it is not made by

drawing from the pleadings inferences favorable to the party asserting it." *Id*. When reviewing a

motion to dismiss for lack of subject matter jurisdiction, the court may consider evidence outside

the pleadings. *See Makarova*, 201 F.3d at 113.

### B.  Rule 12(b)(6) Failure to State a Claim

A Rule 12(b)(6) motion is the proper motion to bring to invoke absolute judicial immunity.

*See Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). In deciding a motion to dismiss under

Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all

reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137

(2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and

conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do"; rather,

the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. In applying these principles, the Court may consider facts

alleged in the complaint and documents attached to it or incorporated by reference. *Chambers v.*

*Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002) (internal quotation marks and citation omitted).

## DISCUSSION

### A.  Individual Capacity Claims

"It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2009) (collecting cases). The purpose is so that judges may act without fear or favor when exercising their judicial authority. *See Bradley v. Fisher*, 80 U.S. 335, 20 L. Ed. 646 (1871). That said, judges are not immune from actions made in a non-judicial capacity. *Bliven*, 579 F.3d at 209. To determine whether an act by a judge is "judicial," courts are to take a "functional approach," because immunity attaches to the functions it protects and serves, and not to an individual person. *Forrester v. White*, 484 U.S. 219, 227 (1988). This immunity also stretches to those acting in a quasi-judicial capacity. *See Butz v. Economou*, 438 U.S. 478, 513-14 (1978). The doctrine of quasi-judicial immunity extends absolute immunity to "certain others who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985).

Here, Plaintiff sues Justice Everett in his individual capacity seeking damages for violation of his Constitutional rights. Plaintiff claims that a suit against Justice Everett in his individual capacity is proper because Justice Everett was acting purely in an administrative capacity, and not in a judicial one. As a result, judicial immunity would not apply, and Plaintiff's claims would not be barred. But the Second Circuit has already addressed this exact question in whether a judge acting as a licensing officer for firearm permits is acting in a judicial capacity or in a purely administrative one. In *Libertarian Party of Erie County v. Cuomo*, the Second Circuit held that a judge acting as a licensing officer was acting in a quasi-judicial capacity and was entitled to immunity from a damages suit. 970 F.3d 106 (2d Cir. 2020). District courts that have

4

encountered this question have followed suit. *See Oliveira v. Schwartz,* No. 23-CV-07427 (PMH), 2025 WL 343609 (S.D.N.Y. January 30, 2025) (holding that "it is well established in this Circuit that New York State judges' 'rulings on firearm license applications [are] judicial decisions'")*; Kellogg v. Nichols*, 703 F. Supp. 3d 367, 372-73 (N.D.N.Y. 2023) (finding that judge was acting in his judicial capacity when ruling on plaintiffs' applications for firearm licenses); *Paulk v. Kearns*, 596 F. Supp. 3d 491, 497 (W.D.N.Y. 2022) (determining that judge ruling on the firearms license application was a judicial decision).

　　Plaintiff principally relies on *Goldstein v. Schwartz*, 185 A.D.3d 929, 125 N.Y.S.3d 881 (2d Dept. 2020) in arguing that the opposite is true. Plaintiff's papers are replete with references to *Goldstein* and how it holds that "when judicial licensing officers are acting pursuant to the firearms licensing statute (§ 400.00) they are not acting in a judicial capacity; they are acting in an administrative capacity only." (Opp at 1.) "Further evidence that pistol licensing is not a judicial function is found in *Goldstein* . . . [because] 'the injunction was not imposed by a court but by a judge acting as a licensing officer…'" (Opp. at 5.) (quoting *Goldstein*). "A licensing officer is not acting in his capacity as a judge when denying or granting applications under § 400.00. *Goldstein*, 185 A.D.3d at 930; *id*. at 930 ('the injunction [issued by Justice Schwartz] was not imposed by a court but by a judge acting as a licensing officer' and it exceeded his authority under § 400 to either deny or grant the application)." (Opp. at 10.) But Plaintiff misrepresents the law and unartfully carves up *Goldstein* to frame it as favorable to his argument. The full quote from *Goldstein* is that "the injunction was not imposed by a court but by a judge acting as a licensing officer (*see* Penal Law § 265.00 [10]) in a *quasi judicial capacity*." 185 A.D.3d 929, 930 (emphasis added). In reality, *Goldstein* is directly aligned with the caselaw in this Circuit that licensing officers act in a quasi-judicial capacity and are entitled to judicial

immunity and not as Plaintiff attempts to frame it. The other cases that Plaintiff cites in support

of his argument predate *Goldstein* and the other relevant caselaw. Moreover, though these cases

may reference that judges were acting in an administrative capacity, the focus and holding of

those cases was not on addressing whether judges were acting in an administrative or judicial

capacity as a licensing officer but whether Article 78 proceedings were the proper vehicle for

appeal. *See In re Shuler*, 67 A.D. 3d 1020, 1020 (2d Dep't 2009) (holding that "[t]he appropriate

procedure for the review of a determination of a County Court Judge, acting in his or her

administrative capacity as the firearms licensing officer for the County of Westchester under

Penal Law § 400.00 (11) and § 265.00 (10), is not a direct appeal, but the commencement of a

CPLR article 78 proceeding in this Court"); *Matter of Panaro*, 250 A.D. 3d 616, 616 (2d Dep't

1998) (determining that [t]he appropriate procedure for seeking review of a determination of a

County Court Judge acting in her administrative capacity as the firearms licensing officer for

Westchester County under Penal Law § 400.00 (11) and § 265.00 (10), is not by direct appeal but

by commencement of a proceeding pursuant to CPLR article 78 in the Appellate Division"); *Cty.*

*of Westchester v. D'Ambrosio¸* 244 A.D. 2d 334, 334 (2d Dep't 1997) (finding that "[t]he

appropriate procedure to seek review of a determination of a County Court Judge, acting in his

administrative capacity as the firearms licensing officer for Westchester County under Penal Law

§ 400.00 (11) and § 265.00 (10), is not by direct appeal but by commencement of a CPLR article

78 proceeding in the Appellate Division"); *Schnell v. Spano*, 120 A.D.2d 669, 669 (2d Dep't

1986) (holding that denials of a pistol license by a state court judge must be brought as a CPLR

article 78 proceeding in the Appellate Division). The references to judges acting in an

administrative capacity were mere dicta, therefore, these cases do not compel a different result.

Accordingly, Plaintiff's claims against Justice Everett in his individual capacity are barred by judicial immunity.

### B. Official Capacity Claims

An action against a state official in his official capacity is considered an action against the state itself, which possesses sovereign immunity under the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); U.S. Const. amend. XI. A state official sued in his official capacity is entitled to invoke Eleventh Amendment immunity from a claim for damages. *See Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). Suits against states or state officials can only proceed if the state has waived their Eleventh Amendment immunity, or Congress has abrogated the states' Eleventh Amendment immunity. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). Neither has occurred in New York. *See Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013). "A plaintiff, however, may avoid the Eleventh Amendment bar to suit by suing individual state officers in their official capacities, as opposed to the state, provided that the complaint (a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *Seneca Nation v. Hochul*, 58 F.4th 664, 670 (2d Cir. 2023) (cleaned up).

### Declaratory Relief

Plaintiff sues Justice Everett in his official capacity as a licensing officer. This would normally trigger the Eleventh Amendment's sovereign immunity, but Plaintiff claims that he only seeks prospective declaratory relief, which is excepted from the Eleventh Amendment's bar. Not so. Plaintiff asks for declaratory relief that (1) Defendant's conduct violated Plaintiff's Second and Fourteenth Amendment rights; (2) New York State's discretionary licensing scheme violates the Second and Fourteenth Amendments facially and as applied to Plaintiff; and (3) Penal Law § 400.00(1)(o)(v) is overly broad, and otherwise unconstitutional both facially and as

applied to Plaintiff. This sort of relief can only be characterized as retrospective. *See Oliveira*, 2025 WL 343609, at *5 (rejecting Plaintiff's argument that identical request for declaratory relief was properly viewed as prospective). Moreover, as mentioned *supra*, Justice Everett was acting in a judicial capacity, and he is not the proper defendant for a suit seeking to hold a state statute unconstitutional because there is no case or controversy between a judge who adjudicates under a statute and a litigant who attacks it. *See Kellogg v. Nichols*, 703 F. Supp. 3d 367, 374 (N.D.N.Y. 2023) (citing *Whole Woman's Health*, 595 U.S. at 39–40 (2021); *Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 198 (3d Cir. 2000)). Accordingly, Plaintiff's claims for declaratory relief are barred by the Eleventh Amendment.

## Injunctive Relief

Plaintiff also seeks injunctive relief against (1) the enforcement of Penal Law § 400.00(1)(o)(v) by Defendant and all other New York State statutory licensing officers who have notice of such Order, and (2) Defendant in his capacity as a statutory licensing officer from barring the issuance of a New York State pistol license to Plaintiff. Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983. But the 1996 Amendment to § 1983 precludes injunctive relief against a judicial officer in their judicial capacity, unless a declaratory decree was violated, or declaratory relief was unavailable. *See* 42 U.S.C. § 1983.

Here, no declaratory decree was violated (and Plaintiff does not argue that it was), and declaratory relief was available to Plaintiff under Article 78. Courts have held that Article 78 provides the declaratory relief that Plaintiff seeks. *See Capogrosso v. Gelbstein,* No. 22-2827, 2023 WL 7485363, at *2 (2d Cir. Nov. 13, 2023) (determining that the claim for injunctive relief fails because plaintiff could have sought declaratory relief through Article 78 proceedings in the New York Supreme Court); *Johnson-El v. DeProspo*, No. 20-CV-02878, 2020 WL 5350487, at

*5, n.3 (S.D.N.Y. Sept. 3, 2020) (finding that declaratory relief was available because Plaintiff could seek judicial review of Judge DeProspo's decision in a proceeding under Article 78 of the New York Civil Practice Law and Rules in the New York Supreme Court, Appellate Division); *Oliveira*, 2025 WL 343609, at *6 (holding that "the procedure for reviewing a determination of a County Court Judge acting as a firearms licensing officer is by commencement of an Article 78 proceeding . . . [d]eclaratory relief, therefore, was available to Plaintiff under Article 78"). Plaintiff did not pursue an Article 78 proceeding, which is the appropriate vehicle for review of Plaintiff's denial of a firearm permit and would have provided the declaratory relief that he seeks. Accordingly, Plaintiff's claims for injunctive relief are also barred.

## CONCLUSION

For the foregoing reasons, Defendant Justice Everett's motion to dismiss is GRANTED. The Court dismisses Plaintiff's Complaint with prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 13 and to terminate the action.

Dated:    May 29, 2025                          SO ORDERED:
          White Plains, New York

_____

NELSON S. ROMÁN
United States District Judge

9